UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Todd E. Curtiss, | : | Case No. 1:08CV0038 |
| | : | |
| Plaintiff | : | Judge John Adams |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Commissioner of Social Security, | : | |
| | : | **REPORT AND RECOMMENDED** |
| Defendant | : | **DECISION** |

This action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of defendant's final determination denying plaintiff's claim for supplemental security income benefits (SSI), 42 U.S.C. §1381 et seq., is pending decision upon entry of final judgment in his favor, alternatively, an order of remand, and defendant seeks final judgment upholding the decision below.

Plaintiff applied for benefits on June 10, 2004, alleging an onset date of May 27, 2004. In an accompanying Disability Report - Adult the questions "What are the illnesses, injuries or conditions that limit your ability to work?" and "How do your illnesses, injuries or conditions limit your ability to work?" were answered "learning disabilitys [sic], also diagnosed with schizophrezia [sic]" and "learning skills, remembering, math skills, stress, depression."

Upon denial of plaintiff's claim at the state agency level hearing de novo before an Administrative Law Judge (ALJ) was requested. Evidentiary hearing pursuant thereto was held by teleconference on March 23, 2007, with the ALJ in Chicago, Illinois and the plaintiff, his counsel and a vocational expert, Mr. Steven Rosenthal, in Mansfield, Ohio.

At the outset of the hearing the ALJ, presumably have reviewed the medical records reflecting an extensive history of substance abuse by the plaintiff (both marijuana and alcohol), noted that in determining disability in 2006 the Social Security Act had been amended to provide that if substance abuse was a material factor in a claimed disability "we've got to deny the disability."  He then examined the plaintiff on the subject of whether he was still smoking marijuana and/or drinking to excess.  The plaintiff maintained that he was then doing neither, but his testimony as to when he stopped smoking marijuana and/or consuming up to a dozen beers a night was less than a model of clarity.  While he maintained he had cut back on his consumption of beer and stopped using marijuana a couple of years earlier, the record of a hospital emergency room admission in November 2006, only four months before the hearing, stated that he reported he continued to drink six to twelve beers at a time.  The discharge summary included diagnosis of alcohol abuse.

The plaintiff acknowledged that he had been working as a dishwasher at a restaurant since May of 2006, but that he was only working "from 20 to 18 to 25 hours" a week, the reason for those hours being:

> A. Yeah, I told them I'm only allowed 25 hours though.
>
> Q. Who only allows you 25 hours?
>
> A. I do.  It's all I really can take.
>
> Q. Who?
>
> A. I do.
>
> Q. Why?
>
> A. Cause it's a little stressful any more than that.
>
> Q. What?
>
> A. It's just a little stressful any more than that.

2

  Q. Why?

  A. Because, I don't know, can't take it.

  Q. When have you tried?

  A. When have I tried?

  Q. Yeah.

  A. I tried in the summer before or the summer I started working.

  Q. 2006?

  A. Yeah.

  Q. So did you work full time then, 40 hours?

  A. Not 40 hours but close to it.

  Q. Okay. What happened?

  A. I guess I can't really take it. I felt like walking out sometimes, but I forced myself to stay, and gets a little stressful.

  Q. So you could do it, right?

  A. I could, but I don't know.

On April 25, 2007 the ALJ entered his decision finding the plaintiff not disabled, which stands as the defendant's final determination consequent to denial of review by the Appeals Council on December 19, 2007. The ALJ's Findings of Fact and Conclusions of Law were:

1. The clamant has not engaged in substantial gainful activity since May 27, 2004, the alleged onset date (20 CFR 416.920(b) and 416.971 *et seq.*).

2. The claimant has the following severe impairments: substance abuse disorder, schizophrenia disorder or drug-induced psychosis (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed

    impairments in 20 CFR part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform simple, routine, unskilled work with no more than superficial contact with supervisors, co-workers and the general public.

5. The claimant is capable of performing past relevant work as a dishwasher. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 416.965).

6. The claimant has not been under a disability, as defined in the Social Security Act, since June 1, 2004 (20 CFR 416.920(f)), the date the application was filed.

The standards which control on a review of this nature were summarized by the Sixth Circuit in Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984) as follows:

> Judicial review of the Secretary's decision is limited in scope to determining whether the findings of fact made by the Secretary are supported by substantial evidence and deciding whether the Secretary employed the proper legal criteria in reaching her conclusion, Walston v. Gardner, 381 F.2d 580, 585 (6th Cir. 1967). This Court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility, Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972). Rather "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive..." 42 U.S.C. §405(g).
>
> The Supreme Court has stated that "substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantiality of the evidence must be based upon the record taken as a whole. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980), citing Futernick v. Richardson, 484 F.2d 647 (6th Cir. 1973). "Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the `substantiality of evidence must take into account whatever in the record fairly detracts from its weight'." Beavers v. Secretary of Health, Education and Welfare, 577 F.2d 383, 387 (6th Cir. 1978), quoting Universal Camera Corp. v. N.L.R.B., 340 U.S. 474 (1951). "We may not focus and base our decision entirely on a single piece of evidence, and disregard other pertinent evidence." Hephner v. Mathews, 574 F.2d 359, 362 (6th Cir. 1978).

In resolving the issue of whether the defendant's final determination is supported by substantial evidence the decision upon judicial review cannot turn upon whether the reviewing court agrees with the Secretary's determination. Indeed, the reviewing court may conclude that substantial evidence would support a final determination contrary to that arrived at by the defendant and yet be obliged to affirm the defendant's final determination. In Mullen v. Bowen, 800 F.2d 535, at 545 (6th Cir. 1986), the court cited with approval the following from Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984):

> The substantial-evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposition decision.

On this appeal it is argued that "The ALJ erred in failing properly to address Plaintiff's limited intellectual functioning" and "The ALJ erred in failing properly to evaluate the medical opinion evidence of record."

Taking up plaintiff's second argument first, it turns upon two Mental Functional Capacity Assessment forms completed by a clinical psychologist, Dr. Kenneth J. Karger, under dates of June 1, 2004, and March 17, 2007.

Plaintiff's counsel criticizes the ALJ for "fail[ing] even to mention Dr. Karger's opinion dated March 12, 2007, let alone to analyze or explain it." There is a very good reason for that failure, that being that although the form was signed off by Dr. Karger eleven days before the evidentiary hearing and about six weeks before the ALJ entered his decision the record does not reflect that plaintiff's counsel submitted it to the ALJ. Although in the letter requesting review by the Appeals Council plaintiff's counsel stated that "Dr. Karger's report was submitted prior to the issuing of the ALJ decision" the record does not substantiate that assertion. The 2007 form was not an exhibit of record

as of the date of the evidentiary hearing, and although counsel alluded to the form completed by Dr. Karger in2004 in arguing the plaintiff's case to the ALJ he made no mention of the 2007 form. There is no copy of any letter of transmittal to the ALJ after the hearing, and the form appears in the record as Appeals Council Exhibit AC-2, Exhibit AC-1 being the request for review.

This being so, the 2007 form could only be considered by this reviewing court in the context of a motion for remand pursuant to the sixth sentence of §405(g), and that relief has not been sought by plaintiff.[1]

With regard to the 2004 form, plaintiff's brief recognizes that Dr. Karger was "a state examining source," not a treating physician, which diminishes the weight to which his conclusions might be entitled. It is clear that from the totality of the evidence that Dr. Karger's evaluation represents a snapshot as to the plaintiff's condition at a time when the plaintiff was actively engaged in substance abuse.

In his decision the ALJ articulated his reasons for finding the plaintiff not as handicapped as Dr. Karger considered, which included a review of the records from a counseling center where the plaintiff was seen from April 2004 until his case was closed in January 2006. This Court notes that on June 3, 2004, two days after Dr. Karger evaluated the plaintiff and assigned him a GAF of 31, connoting "Behavior is considerably influenced by delusions or hallucinations OR serious impairment in communication or judgment," a mental health professional at that center rated the plaintiff at 51, connoting only "Moderate symptoms."

Turning to the first argument, that the ALJ failed to properly address the plaintiff's limited intellectual functioning, the argument that the plaintiff should have been found disabled under Listing

---

[1]Such a motion would be unavailing, as the statute permits remand "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." (Emphasis added.)

12.05(c) of the Listings of Impairments because his IQ is close to that specified in the Listing is foreclosed by Newland v. Apfel, No. 97-4339, 1999 WL 435153 (6th Cir. 1999).

This Court must candidly state that he has seen more expansive and comprehensive decisions by an ALJ than that in this case. This being said, this Court is satisfied that this decision vis-a-vis the plaintiff's mental/emotional status is sufficient to pass muster under the zone of choice allowed by the substantial evidence standard.

If not explicit in the ALJ's decision, at least implicit therein is that if the plaintiff is capable of working a self-imposed limit of twenty-five hours a week as a dishwashers, there being no evidence that any psychiatrist/psychologist/other mental health professional proposed such a limitation, he should be capable of performing that job at the substantial gainful activity level, a proposition with which this Court would not disagree.

It is recommended that final judgment be entered in defendant's favor.


s/DAVID S. PERELMAN
United States Magistrate Judge


DATE: February 26, 2009


**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).