UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Todd E. Curtiss, | ) | CASE NO. 1:08CV0038 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | ***MEMORANDUM OPINION*** |
| | ) | ***AND ORDER*** |
| MICHAEL J. ASTRUE, | ) | [Resolving Doc. 20] |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on the Objections of Plaintiff Todd E. Curtiss ("Plaintiff") to the Magistrate Judge's Report and Recommended Decision (the "Report"), which upholds the decision of the Administrative Law Judge ("ALJ") to deny Plaintiff's claim. This action was referred to the Magistrate Judge for a Report regarding the ALJ's decision denying Plaintiff's claim for supplemental security income benefits ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §1381 *et seq*. The Magistrate Judge found that substantial evidence supported the ALJ's finding that Plaintiff could perform a job such as a dishwasher, janitor, or cafeteria attendant and that "he should be capable of performing that job at the substantial gainful activity level." Accordingly, the Magistrate Judge found the ALJ's determination that Plaintiff was not disabled reasonable and recommended that this Court affirm the ALJ's finding. This Court, after having conducted a de novo review of the record, ADOPTS the Magistrate Judge's Report in full and AFFIRMS the decision of the Commissioner of Social Security ("Commissioner") to deny Plaintiff's SSI application.

I.	PROCEDURAL HISTORY

Plaintiff filed his application for SSI on June 1, 2004 pursuant to 42 U.S.C. § 1381, *et seq*.  He alleges disability due to schizophrenia and a learning disorder, with an onset date of May 27, 2004.  Plaintiff's application was denied both initially and on reconsideration, and Plaintiff sought a hearing with an ALJ, which took place on March 23, 2007.  Following that hearing, the ALJ issued the Commissioner's final decision on April 25, 2007, concluding that while Curtiss was severely impaired by a substance abuse disorder and a schizophrenia disorder or drug-induced psychosis, he retained the residual functional capacity to perform work, as long as the work was simple, routine and unskilled, and required little contact with others.  That decision became the final determination of the Commissioner when the Appeals Council denied review of the ALJ's decision.  Plaintiff then sought review of the ALJ's decision by this Court.  The matter was referred to the Magistrate Judge, who recommended that the decision of the ALJ be affirmed.  Plaintiff timely objected to the Magistrate Judge's Report.  Defendant filed a Response to Plaintiff's Objections.

II.	LEGAL STANDARD

The district court may properly refer a matter to a Magistrate Judge for a Report and Recommendation.  28 U.S.C. § 636(b).  When the Magistrate Judge submits a Report and Recommendation, this Court is required to conduct a de novo review of those portions of the Report to which an objection has been made. *Id.*  Objections to the Magistrate Judge's Report must be specific, not general, in order to focus the Court's attention upon contentious issues. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  The primary issue then becomes whether substantial evidence supported the ALJ's decision.  This court's review of the Commissioner's decision is limited to determining whether substantial evidence,

2

viewing the record as a whole, supports the Commissioner's findings. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Furthermore, substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If substantial evidence supports the Commissioner's decision, the decision must be affirmed even if a reviewing court would decide the matter differently. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id*. (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining whether substantial evidence supports the ALJ's findings, a court must examine the record as a whole and take into account that which fairly detracts from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). A court must also consider whether the ALJ employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

III.  LAW AND ANALYSIS

Plaintiff makes two objections to the Magistrate Judge's Report. First, he argues that the ALJ failed to properly address Plaintiff's limited intellectual functioning by declining to analyze his impairments according to Listing § 12.05C[1]. Specifically, Plaintiff argues that the ALJ should have analyzed his impairment under § 12.05C because his IQ falls into the listed range

---
[1] 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05C.

3

when a five-point margin of error is taken into account. Plaintiff also argues that the ALJ erred when he failed to analyze whether Plaintiff's impairments medically equaled in severity the criteria of § 12.05C.

> A. It was not error for the ALJ to decline a § 12.05C analysis because Plaintiff's IQ does not fall within the required range

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). When determining whether a claimant is disabled under the meaning of the Act, a five-step inquiry is used. The five-step inquiry is set out under 20 C.F.R. § 404.1520 and provides that:

1) a claimant is not disabled if he is presently employed;

2) a claimant is not disabled if his impairment is not "severe";

3) a claimant is disabled if his impairment meets or medically equals a listed impairment;

4) a claimant is not disabled if he has the residual functional capacity to perform his former work; and

5) a claimant is not disabled if he has the residual functional capacity to perform any other substantial gainful activity.

*Newland v. Apfel*, 182 F.3d 918 at *5 (6th Cir. June 17, 1999) (unpublished table decision) (citing 20 C.F.R. § 404.1520(a)-(f)).

Plaintiff's first argument, that the ALJ erred in failing to use a margin of error analysis to determine Plaintiff's IQ, hinges on the third step of the Commissioner's five-step disability analysis. Plaintiff argues that he is disabled under the criteria for mental retardation set forth in Social Security Listing § 12.05C, which states that:

4

> 1) the claimant must have a valid verbal, performance, or full-scale IQ of 60 through 70;
>
> 2) the claimant must demonstrate physical or mental impairments imposing additional and significant work-related limitations of function; and
>
> 3) the claimant must meet the diagnostic description of mental retardation set out in the capsule[2] of the listing section.

68 Fed. Reg. 74279-01, 74280. Plaintiff contends that even though his IQ falls above the range stated in § 12.05C, he should still qualify as disabled because the Diagnostic & Statistical Manual of Mental Disorders recognizes a five-point margin of error for IQ assessments. Taking this margin of error into account, Plaintiff argues that his IQ would fall within the 60-70 range as required by § 12.05C.

The Sixth Circuit has clearly held that disability claimants under § 12.05C must have an IQ within the range specified; not merely an IQ near or around the range required under the first prong of § 12.05C. For example, in *Newland*, 182 F.3d at *6, 1999 WL 43153 (6th Cir. 1999), this Circuit upheld the Commissioner's denial of SSI where the claimant's IQ was determined to be 72, when the Plaintiff had used the same margin of error test as Plaintiff has put forth in this case. Put frankly, Plaintiff cannot point this Court to any Sixth Circuit decision accepting this "margin of error" argument and this Court is disinclined to be the first to do so.

> B. The ALJ did not err in declining to conduct a medical equivalency analysis because Plaintiff's IQ is above the range of test scores required by § 12.05C.

Plaintiff contends that even though his IQ falls above the range required under § 12.05, he should still qualify as disabled due to his other impairments. This medical equivalency argument, however, has been foreclosed by the Sixth Circuit in cases similar to Plaintiff's. For example, the Sixth Circuit stated that it has "considered and rejected the "margin of error"

---

[2] The capsule states that "[m]ental retardation refers to significantly sub-average general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05.

argument because the Commissioner's regulations do not provide for functional equivalency when test scores are specified." *Id*. (citing *Hamilton v. Sec'y of Health & Human Servs.*, 842 F.2d 331 (6th Cir. 1988); *see also Smith v. Sullivan*, 907 F.2d 151 (6th Cir. 1990)). Like the plaintiff in *Newland*, Plaintiff's IQ scores are above the range specified by § 12.05C; therefore, it was not error for the ALJ to decline a medical equivalency analysis.

Plaintiff, in his own Objections to the Magistrate Judge's Report and Recommendation, notes that "a medical equivalence determination would very rarely be required" according to Social Security's Program Operations Manual System. Indeed, medical equivalency analyses are rare and the instant case is dissimilar to other cases where medical equivalency analyses have been performed. For example, in *Abbott v. Sullivan*, 905 F.2d 918 (6th Cir. 1990), the Sixth Circuit held that it was error for the Commissioner to have failed to consider whether a claimant with an IQ near the 60-70 range met the rest of the § 12.05C requirements. In that case, however, the claimant was not merely close to the 60-70 IQ range, he was actually *below* the IQ range, with an IQ of 56. Plaintiff, on the other hand, presents the opposite problem: his IQ is above the range set forth in § 12.05C; therefore, it was not error for the ALJ to find that Plaintiff did not qualify as disabled under § 12.05C without explicitly considering whether Plaintiff met the remaining prongs of the test.

Plaintiff also points this Court to *Bogyus v. Sec'y of Health & Human Servs.*, 38 F.3d 1215 (6th Cir. 1994) (unpublished), to support his argument that a medical equivalency analysis is warranted in this case. *Bogyus*, however, does not address the issue of a medical equivalency analysis where the plaintiff's IQ is above the range specified by § 12.05C; in fact, plaintiff's IQ is mentioned nowhere in that opinion. Rather, *Bogyus* appears to deal with the much different issue of medical equivalency where a severe mental impairment is found in conjunction with

6

systemic lupus erythematosus ("SLE"). *Bogyus*, 38 F.3d at *1. As such, the fact that a medical equivalency analysis was employed by that court has little effect on this Court's determination that it was not error for the ALJ to decline to perform such an analysis in the instant case.

IV. CONCLUSION

As this Court is required to review only those objections which are raised specifically and argued by the parties and not those generally referenced as having been made in the briefs on the merits prior to the Magistrate Judge's Report, the Court has sufficiently addressed Plaintiff's Objections,[3] to the extent that they were different from the arguments raised in Plaintiff's brief and addressed in the Magistrate Judge's Report. This Court, after conducting a de novo review of the record, finds that there was substantial evidence to support the Commissioner's ultimate determination that Plaintiff was not entitled to disability benefits. Moreover, this Court finds that the ALJ did apply the proper legal standards in reviewing Plaintiff's claim. Accordingly, this Court hereby ADOPTS the findings of fact and conclusions of law set forth by the Magistrate Judge in his Report and Recommended Decision as its own. Therefore, the decision of the Commissioner is hereby AFFIRMED.

IT IS SO ORDERED.

DATE: July 17, 2009            */s/ John R. Adams*
                               Judge John R. Adams
                               UNITED STATES DISTRICT COURT

---

[3] Plaintiff states in his Objection to the Magistrate Judge's Report that he "urges the Court to consider his argument, outlined in [his] Brief, that, considering the accepted margin of error, [his] mental impairment meets Listing § 12.05C." The district court, however, reviews only those specific objections to the Magistrate Judge's Report raised by a plaintiff, rather than those outlined in documents filed before the Report was ever issued. *Howard*, 932 F.2d at 509.